JAMES DAL BON
CA BAR #157942
DAL BON AND WANG
12 South First Street #613
San Jose, CA 95113
Tel.: (408) 292-1040
Fax.: (408) 292-1045

E-FILING

FILED

2007 NOV -1  P 3: 49

RICHARD W. WIEKING
CLERK
U.S. DISTRICT COURT
NO. DIST OF CA. S.J

Fee Paid
S1
8

ATTORNEY FOR PLAINTIFF

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

ALEJANDRO NAVA,

　　　　Plaintiff,

vs.

P.W. STEPHENS, INC., and DOES 1-10

　　　　Defendant

Case No: C07 05576 EDL

COMPLAINT FOR DAMAGES AND
DEMAND FOR JURY TRIAL:
1) Violation of California Labor Code
   Section 510;
2) Violations of the Federal Fair Labor
   Standards Act;
3) Violation of California Business and
   Professions Code Section 17200; and
4) Violation of California Labor Code
   Section 201;
5) Violation of California Labor Code
   Section 226.

## NATURE OF CLAIM

1. This is an action on behalf of ALEJANDRO NAVA who had been employed on a salary basis by P.W. STEPHENS, INC., during the last two years prior to the filing of this Complaint, seeking damages arising from employer's failure to pay overtime as required by the Fair Labor Standards Act and the California Wage Orders and statutes. Plaintiff seeks compensatory damages for unpaid wages under California Labor Code and Wage Orders, liquidated damages under 29 U.S.C. §216(b), waiting time penalties under California Labor Code § 203, damages for inadequate pay statements under California

COMPLAINT -

1. Labor Code Section 226, and attorney's fees, costs, pre judgment interest pursuant to California Labor Code § 1194(a) and 29 U.S.C. § 216(b), and restitution under California Unfair Trade Practices Act under California Business and Professions Code § 17203.

## SUBJECT MATTER JURISDICTION AND VENUE

2. This Court is a proper venue, since all events giving rise to this lawsuit have occurred in this district.

3. Subject matter jurisdiction of this action of this Court is based upon Fair Labor Standards Act, 29 U.S.C. §§201 et. seq. and the pendant jurisdiction of this Court.

## PARTIES

4. At all times relevant herein, Plaintiff ALEJANDRO NAVA is an individual resident of San Jose, California.

5. At all times relevant herein, Defendant P.W. STEPHENS,, INC. is a registered California Corporation doing business in Alameda County.

6. At all times relevant herein, Plaintiff ALEJANDRO STEPHENS worked for Defendant P.W. STEPHENS,, INC. primarily in Alameda County.

7. Individual Defendant CHING SUNG SHIH and DOES 1-10, at all times relevant herein, are, according to information and belief, officers, owners, or employees of P.W. STEPHENS, having control over the Plaintiff's work condition and work situation.

## GENERAL ALLEGATIONS

8. At all times relevant herein, Plaintiff was an employee of defendant P.W. STEPHENS, INC, a contractor for primarily asbestos removal in California [hereinafter known as Defendant].

9. Plaintiff was according to information and belief, an employee of Defendant acting in the normal course and scope of employment duties with Defendant as a quality control maintenance person.

COMPLAINT -

10. During the course of Plaintiff's employment with Defendant, Plaintiff regularly worked in excess of 8 hours per day and more than 40 hours per week.

11. Plaintiff was paid on an hourly basis.

12. Plaintiff did not perform "exempt" duties in Plaintiff's position with Defendant and thus was not subject to any exemption under the Fair Labor Standards Act, *29 CFR 541.112, 541.209 and 541.209*. The Plaintiff was not even marginally responsible for management or administrative functions, and Plaintiff's primary job did not require Plaintiff to exercise independent discretion and judgment or regularly require invention or imagination in a recognized field of artistic endeavor more than fifty percent of Plaintiff's working time.

13. At no time during the Plaintiff's employment did Plaintiff maintain any professional license with the state or practice any recognized profession, nor did Plaintiff exclusively manage any division of Defendant where Plaintiff customarily and regularly exercised discretionary powers or perform services of management. Plaintiff did not directly supervise any employees nor did Plaintiff participate in the development of general administrative policies of Defendant

**COUNT ONE: VIOLATION OF CA LABOR CODE SECTION §510**
**FAILURE TO PROPERLY PAY OVERTIME WAGES**

14. Plaintiff re-alleges and incorporates paragraphs 1-13 as if fully stated herein.

15. California Labor Code Section 501, applicable at all times relevant herein to Plaintiff's employment by Defendant, provides that all employees are entitled to payment at the rate of time and one half for hours in excess of 8 in one day, or 40 hours in one week, and double time for hours in excess of 12 in one day.

16. During the course of employment with Defendant, Plaintiff regularly worked in excess of 8 hours a day and 40 hours per week, however Defendant's knowingly and willingly failed to pay Plaintiff overtime wages as required by law.

17. California Labor Code Section 1194 provides that it is unlawful for employers not to make the required overtime payments identified in the preceding paragraph and that employees not paid such payments can recover any monies owed by civil action.

18. Defendant therefore owes Plaintiff an approximate amount subject to proof representing overtime wages not properly paid to Plaintiff.

19. Defendant has failed and refused and continue to fail and refuse to pay Plaintiff the amount owed.

20. Defendant' failure to pay Plaintiff the required sum violates the provisions of Labor Code Sections 510 and 1194 and is therefore unlawful.

21. Pursuant to Labor Code Section 1194(a), Plaintiff requests that the court award Plaintiff reasonable attorney's fees and costs incurred by him in this action.

**COUNT TWO: VIOLATION OF THE FAIR LABOR STANDARDS ACT**

**FAILURE TO PROPERLY PAY OVERTIME WAGES**

22. Plaintiff re-alleges and incorporates paragraphs 1-21 as if fully stated herein.

23. At all relevant times herein, Plaintiff's employment was subject to the provisions of the Fair Labor Standards Act of 1938, as amended ("FLSA"), 29 U.S.C. § 201, et seq. and Plaintiff was an individual employee covered by virtue of Plaintiff's direct engagement in interstate commerce.

24. The FLSA, 29 U.S.C. § 207 requires all employees to be paid overtime for work performed in excess of forty hours per week, unless specifically exempted by the law.

COMPLAINT - 4

25. Although Plaintiff was not so exempt during employment with Defendant, Defendant knowingly caused and permitted Plaintiff to regularly work in excess of forty hours per week without paying Plaintiff one and one half of Plaintiff's regular rate of pay.

26. By not paying overtime wages in compliance with the FLSA, Defendant violated Plaintiff's rights under the FLSA.

27. As a direct and proximate result of Defendant' failure to pay proper wages under the FLSA, Plaintiff incurred general damages in the form of lost overtime wages.

28. Defendant intentionally, with reckless disregard for their responsibilities under the FLSA, and without good cause, failed to pay Plaintiff proper wages, and thus Defendant are liable to Plaintiff for liquidated damages in an amount equal to lost overtime wages, pursuant to 29 U.S.C. § 216(b) of the FLSA.

29. Defendant therefore owes Plaintiff an amount subject to proof representing the amount of overtime not properly paid to Plaintiff.

30. Plaintiff was required to retain legal assistance in order to bring this action and, as such, is entitled to an award of reasonable attorney's fees pursuant to 29 U.S.C. § 216(b) of the FLSA.

**COUNT THREE: VIOLAITON OF CA LABOR CODE SECTION 201**

**FAILURE TO PAY WAGES DUE AND "WAITING TIME" PENALTIES**

31. Plaintiff re-alleges and incorporates the allegations of paragraphs 1-32 as if fully stated herein.

32. At the time Plaintiff's employment with Defendant was terminated, defendant's owed Plaintiff certain unpaid overtime wages in amounts previously alleged.

33. Failure to pay wages owed at an employee's termination as required by Labor Code §201 subjects the employer the payment of a penalty equaling up to 30 days wages, as provided for in Labor Code § 203.

COMPLAINT - 5

34. As of this date, Defendant has failed and refused, and continue to fail and refuse, to pay the amount due, thus making Defendant liable to Plaintiff for penalties equal to thirty (30) days wages, an amount subject to proof.

35. Pursuant to Labor Code Section 218.5, Plaintiff requests that the court award Plaintiff reasonable attorney's fees and costs incurred in this action.

36. Pursuant to Labor Code Section 218.6, Plaintiff requests that the court award interest on all due and unpaid wages, at the legal rate specified by Civil Code Section 3289(b), accruing from the date the wages were due and payable.

### COUNT FOUR: VIOLATION OF CA BUSINESS AND PROFESSIONS CODE SECTION 17200 UNFAIR BUSINESS PRACTICES

37. Plaintiff re-alleges and incorporates the allegations of paragraphs 1-36 as if fully stated herein.

38. At all times relevant herein, Plaintiff's employment with Defendant was subject to the California Labor Code and applicable Wage Orders promulgated by the California Industrial Welfare Commission, which required all employees to be paid overtime for work performed in excess of forty hours per week or eight hours per day, unless specifically exempted by law.

39. At all times relevant herein, as the employer of Plaintiff, Defendant was subject to the California Unfair Trade Practices Act (California Business and Professions Code § §17000 et seq.), but failed to pay the Plaintiff overtime pay as required by applicable California Labor Code and applicable Wage Orders.

40. During the period Plaintiff was employed with Defendant, Defendant failed to pay Plaintiff legally required overtime pay to which Plaintiff was legally entitled, with Defendant keeping to themselves the amount which should have been paid to Plaintiff.

41. In doing so, Defendant violated California Unfair Trade Practices Act, Business and Professions Code §17200, et seq. by committing acts prohibited by applicable California Labor Code provisions, California Wage Orders, and the FLSA, thus giving them a competitive advantage over other employers and businesses with whom Defendant were in competition and who were in compliance with the law.

42. As a direct and proximate result of Defendant' violations and failure to pay the required overtime pay, the Plaintiff's rights under the law were violated and the Plaintiff incurred general damages in the form of unpaid wages in an amount subject to proof.

43. Defendant had been aware of the existence and requirements of the Unfair Trade Practices Act and the requirements of State and Federal wage and hour laws, but willfully, knowingly, and intentionally failed to pay Plaintiff overtime pay due.

44. Plaintiff, having been illegally deprived of the overtime pay to which Plaintiff was legally entitled, herein seeks restitution of such wages pursuant to the Business and Professions Code §17203 in an amount subject to proof.

**COUNT FIVE: VIOLATION OF CALIFORNIA LABOR CODE SECTION 226**
**INADEQUATE PAY STATEMENTS**

45. Plaintiff re-alleges and incorporates the allegations of paragraphs 1-44 as if fully stated herein.

46. California Labor Code Section 226 provides that all employers shall provide to employees accurate and complete wage statements including, but not to limited to, an accurate and current statement of all rates paid for all regular and overtime hours worked during the pay-period, a complete and itemized statement of deductions, net wages earned, the dates fir which payment is being made, any and all applicable piece rates, and the current address ad name of the employer.

47. California Labor Code Section 226 further provides that any employee suffering injury due to a willful violation of the aforementioned obligations may collect the greater of either actual damages or $50 for the first inadequate pay statement and $100 for each inadequate statement thereafter.

48. During the course of Plaintiff's employment, Defendant consistently failed to provide Plaintiff with adequate pay statements as required by California Labor Code §226.

49. Defendant failed to provide such adequate statements willingly and with full knowledge of their obligations under Section 226.

50. Defendant' failure to provide such adequate statements has caused injury to the Plaintiff.

51. Plaintiff is therefore legally entitled to recover an amount subject to proof in actual damages caused by Defendant's failure to provide proper records.

52. Plaintiff has incurred costs and fees in bringing this action and seeks to recover such costs under California Labor Code §226.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays for the following relief:

53. For compensatory damages per CA Labor Code §1194 for unpaid overtime wages in an amount subject to proof;

54. For liquidated damages per the FLSA equal to unpaid overtime wages in an amount subject to proof;

55. For restitution of unpaid overtime pay pursuant to California Business and Professions Code §17203 in an amount subject to proof;

56. For waiting time penalty damages of thirty days wages to Plaintiff, pursuant to California Labor Code § 203 in an amount subject to proof;

57. For pre-judgment interest of 10% on the unpaid overtime compensation and unpaid salaries pursuant to California Labor Code §1194(a) in an amount subject to proof;

58. For damages for inadequate pay statements in an amount subject to proof pursuant to California Labor Code Section 226;

59. Plaintiff asks the court to award reasonable attorney's fees pursuant to California Labor Code §1194(a) and 29 U.S.C. §216(b) of the FLSA;

60. For costs of suit herein; and

61. For such other and further relief as the Court may deem appropriate.

Thursday, November 1, 2007

JAMES DAL BON
DAL BON AND WANG
12 South First Street #613
San Jose, CA 95113

COMPLAINT -

JAMES DAL BON
CA BAR #157942
DAL BON AND WANG
12 South First Street #613
San Jose, CA 95113
Tel.: (408) 292-1040
Fax.: (408) 292-1045

ATTORNEY FOR PLAINTIFF

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEJANDRO NAVA, | Case No: |
| Plaintiff, | DEMAND FOR JURY TRIAL |
| vs. | |
| P.W. STEPHENS, INC., and DOES 1-10 | |
| Defendant | |

Plaintiff demands a jury trial.

JAMES DAL BON
DAL BON AND WANG
12 South First Street #613
San Jose, CA 95113

COMPLAINT -